1  EDWARD W. BURNS (SBN 201913)
   BURNS & SCHALDENBRAND
2  509 N. Coast Highway
   Oceanside, California 92054
3  Telephone (760) 453-2189
   Facsimile (760) 453-2194
4  Email: ewburns@bsrlawyers.com

5  NEIL D. GREENSTEIN (SBN 123980)
   TECHMARK
6  3525 Del Mar Heights Road, #780
   San Diego, CA 92130
7  Telephone (858) 779-9046
   Facsimile: (408) 280-2250
8  Email: ndg@techmark.com

9  Attorneys for Plaintiff
   WHEEL PROS, LLC

10

11                UNITED STATES DISTRICT COURT

12               CENTRAL DISTRICT OF CALIFORNIA

13

14  WHEEL PROS, LLC., a Delaware          Case No.: 8:15-CV-00700
15  limited liability company
                                          **COMPLAINT FOR DESIGN
16                                        PATENT INFRINGEMENT,
                         Plaintiff,       TRADEMARK AND TRADE
17            v.                          DRESS INFRINGEMENT AND
                                          FOR UNFAIR COMPETITION**
18
19  MICKEY THOMPSON                       **(DEMAND FOR JURY TRIAL)**
    PERFORMANCE RACING INC., an
20  Ohio corporation,

21                       Defendant.

22

23

24       Plaintiff, Wheel Pros, LLC ("Wheel Pros"), alleges as follows:

25                           **JURISDICTION**

26       1.    This is an action to recover damages and for injunctive relief arising

27  under the patent laws and trademark laws of the United States and related state

28  laws, and this Court has original jurisdiction of the subject matter for each of the

                                   - 1 -

following claims:

        a.      Patent infringement in violation of the *Patent Act,* 35 U.S.C. § 1 et. seq., with jurisdiction vested in this Court by virtue of 28 U.S.C. §§ 1331, 1332 and 1338(a).

        b.      Trademark/trade dress infringement in violation of the *Lanham Act*, 15 U.S.C. § 1051, *et seq.*, with jurisdiction vested in this Court by virtue of 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1332 and 1338(a).

        c.      Trademark/trade dress infringement in violation of state common law with jurisdiction vested in this Court by virtue of 28 U.S.C. §§ 1332, 1338(b) and 1367(a).

        d.      Unfair competition in violation of California common law. with jurisdiction vested in this Court by virtue of 28 U.S.C. §§ 1332, 1338(b) and 1367(a).

        e.      Unlawful competition in violation of Cal. Bus. & Prof. Code § 17200, with jurisdiction vested in this Court by virtue of 28 U.S.C. §§ 1332, 1338(b) and 1367(a).

2.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      Venue is proper in this district by virtue of 28 U.S.C. § 1391(b) and 28 U.S.C. §1400 in that defendant has sold infringing product in the Southern Division of this District, has dealers in the Southern Division of this District, is a corporation licensed to business in this State as entity no. C2859033, is subject to personal jurisdiction in the Southern division of this district, and, thus, resides there.  In addition, acts of infringement and unfair competition have been committed in the Southern division of this district.

## PARTIES

4.      Wheel Pros is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business located

1  at 5347 S. Valentia Way, Suite 200, Greenwood Village, Colorado.  Wheel Pros

2  maintains marketing operations, manufacturing, warehousing and sales operations

3  in this district.  Moreover, the third-party inventor of the patents-in-suit resides in

4  this District and maintains his principal place of business in the Southern Division

5  of this District.

6       5.     Wheel Pros is informed and believes, and thereon alleges, that

7  Defendant Mickey Thompson Performance Racing Inc. is a corporation duly

8  organized and existing under the laws of the State of Ohio having its principal

9  place of business located at 4600 Prosper Drive, Stow, Ohio 44224.  Mickey

10  Thompson Performance Racing Inc. is hereinafter referred to as "Mickey

11  Thompson" or "Defendant".

12              **WHEEL PROS HAS EXCLUSIVE PATENT RIGHTS**

13                    **IN THE WHEEL DESIGN**

14       6.     Wheel Pros is the exclusive assignee and owner, by assignment from

15  inventor Suny Chung, of all rights, title and interest in and to:

16            a.  U.S. Patent No. D709,018, issued July 15, 2014 and which is

17  subsisting.  A true and correct copy of such patent is attached as Exhibit 1.

18            b.  U.S. Patent No. D701,481, issued March 25, 2014 and which is

19  subsisting.  A true and correct copy of such patent is attached as Exhibit 2.

20  Patent Nos. D709,018 and D701,481 are sometimes collectively referred to herein

21  as the "patents-in-suit."

22         **CONSUMER RECOGNITION IN WHEEL PROS' ROCKSTAR**

23               **AND ROCKSTAR II TRADE DRESSES IS**

24           **AN IMPORTANT PART OF WHEEL PROS' SUCCESS**

25       7.     Wheel Pros is a well-known vehicle wheel manufacturer and

26  marketer.  Wheel Pros distributes more than two dozen brands of high-performance

27  wheels and tires for cars, trucks, and SUVs, including a full line of

28  company-branded wheel products. In addition to one-piece and multi-piece wheels

with contemporary styling, Wheel Pros offers a selection of classic wheel styles reminiscent of hot-rod happy days for racecar and drag racing enthusiasts. It sells to customers in about 30 countries worldwide.

8.    Wheel Pros' sales have been extensive, with a substantial portion of those sales being of the Rockstar and Rockstar II wheels.

9.    The Rockstar wheels, first sold in 2004, and Rockstar II wheels, first sold in 2013, are widely recognized by consumers as emanating from Wheel Pros, and the distinctive designs on such wheels are key to such extensive consumer recognition.

10.    In addition to the basic elements of the Wheel Pros trade dresses described above, there are a number of other features which when used in combination with such basic elements serve to identify and reinforce further to consumers that the products are, in fact, products of Wheel Pros or are sponsored by, approved by, or otherwise associated with Wheel Pros.

## WHEEL PROS' ROCKSTAR AND ROCKSTAR II TRADE DRESSES ARE UNIQUE AND INHERENTLY DISTINCTIVE

11.    The trademarks and trade dress configurations referred to above are arbitrary, fanciful and inherently distinctive.  The Rockstar and Rockstar II design, trademarks/trade dresses are unique and unusual and no other manufacturer uses them, individually or collectively, to denote source, as Wheel Pros does.

12.    In addition to the inherent distinctiveness of Wheel Pros' Rockstar and Rockstar II trademarks and trade dresses, such trademarks and trade dresses have been marketed so extensively, and have been so favorably received by the public that such trademarks and trade dresses have achieved tremendous consumer recognition in the marketplace.

13.    Wheel Pros' sales success came after expending great amounts of time, effort, and money in the promotion and advertisement of its goods under Rockstar and Rockstar II trademarks and trade dresses.  This promotional effort

includes extensive internet, social media, and print media advertisements, promotion of products by Wheel Pros personnel, suppliers, dealers, and other promotional events and activities, sponsorships, and the like.

14.     The widespread recognition and popularity of Wheel Pros Rockstar and Rockstar II wheels have been unwavering.  Wheel Pros popularized the brand through extensive advertising and promotion so that consumers would recognize the unique trade dresses, appearances and trademarks of Rockstar and Rockstar II wheels.

15.     As a result of the widespread and continuous use and promotion of the trademarks and trade dresses described above, such trademarks and trade dresses are well known throughout the United States and have become widely known and recognized as identifying Wheel Pros as the source of a variety of products including, without limitation, the Rockstar and Rockstar II wheels and as distinguishing the source of these goods from those of others.  These trademarks and trade dresses have come to and now do represent and symbolize the enviable reputation and very valuable goodwill of Wheel Pros among advertisers, consumers and retail establishments.

16.     The Rockstar and Rockstar II design, trademarks and the trade dresses today are almost universally recognizable within the wheel industry and have one of the most stable and loyal customer bases in the industry.

17.     The aforementioned trademarks and trade dresses represent and symbolize one of the highest quality and most durable wheels in the industry.

18.     The trademarks and trade dresses referred to above are primarily non-functional and are used for product identification purposes.  The Rockstar and Rockstar II Design trademarks are non-functional.

1

2

3

**AS PART OF DEFENDANT'S SCHEME, IT HAS WILLFULLY, INTENTIONALLY AND MALICIOUSLY IMITATED WHEEL PROS' ROCKSTAR II TRADEMARK AND TRADE DRESS**

4

5

6

19.     Defendant, its agents, employees and representatives, are aware of Wheel Pros' enviable reputation and goodwill in its Rockstar II trademarks and trade dress.

7

8

20.     Below is a photograph of genuine Wheel Pros Rockstar II wheel

Figure 1: Authentic Wheel Pros Rockstar II Wheel

9

10

11

12

13

14

15

16

17

18

19

20

21



22

23

24

25

26

27

28

21.     Defendant is selling wheels bearing knock-offs of Wheel Pros' highly coveted Rockstar II Design trademark and trade dress.  Specifically, Defendant has infringed, and is continuing to infringe, by creating and offering for sale, and, based upon information available to Wheel Pros' and believed to be true, Defendant is selling at least the following:



22.     Plaintiff is informed and believes and thereon alleges that Defendant sells the infringing designs (sometimes referred to as "Imitations") through the same channels of trade as Wheel Pros including through retailers to consumers throughout the United States.

23.     The Imitations are confusingly similar to Wheel Pros' Rockstar II trademark and trade dress, and are likely to cause confusion, to cause mistake, or to deceive, as to their sponsorship or origin.

24.     Defendant has advertised and promoted, is advertising and promoting, and will continue to advertise, promote and distribute the Imitations unless enjoined by this Court.

25.     Wheel Pros is further informed and believes, and thereon alleges, that unless enjoined and restrained by the Court, Defendant will manufacture, purchase, import, advertise, promote, offer for sale, sell and distribute the Imitations.

26.     The advertisements, promotions, sales, distributions and offers for sale of the Imitations are causing and will continue to cause a likelihood of confusion, mistake or deception and actual confusion among purchasers of wheels as to the source of those products.  Such advertisements, promotions, sales, distributions and offers for sale are diminishing, and/or will continue to diminish, the distinctiveness and the valuable goodwill and reputation of the Wheel Pros trademark, trade dress, and are resulting in, and will continue to result in, lost sales of wheels by Wheel Pros.  Such acts will also continue to cause irreparable harm to Wheel Pros.

27.     Defendant has used, is using, and Wheel Pros is informed and believes, and thereon alleges that Defendant will continue to use the trademarks and trade dress in connection with the Imitations, which have created, are creating, and will continue to create a strong likelihood of confusion, mistake, or deception among purchasers of Defendant's goods and with the goods advertised, promoted, distributed and sold by Wheel Pros.

28.     Defendant's use of trademarks and trade dress virtually identical to Wheel Pros' trademark and trade dress on or in connection with the promotion, advertising, sale, offering for sale, or distribution of its wheels constitutes trademark and trade dress infringement and unfair competition under 15 U.S.C. § 1125 (a), because such acts constitute false representations, false descriptions, false designations of origin and cause a likelihood of confusion, deception and mistake by the consuming public and the trade, and disparages Wheel Pros' goodwill and

1  reputation.

2      29.    Defendant's use of trademarks and trade dress virtually identical to

3  Wheel Pros' distinctive trademarks and trade dress creates a likelihood that a false

4  and unfair association will be made between the Imitations and the goods of Wheel

5  Pros so that the purchasing public is likely to believe, that the Imitations are

6  products of Wheel Pros or are associated with, affiliated with or otherwise

7  sponsored by Wheel Pros.

8      30.    Defendant's unlawful acts, unless restrained, are likely to continue to

9  cause actual confusion, mistake or deception to the purchasers of the Imitations

10  and Wheel Pros' goods.

11          **<u>DEFENDANT'S CONDUCT IS CAUSING IRREPARABLE</u>**

12                  **<u>HARM TO WHEEL PROS</u>**

13      31.    Defendant's acts have caused and, unless restrained, will continue to

14  cause Wheel Pros to suffer substantial irreparable damages and injury through,

15  <u>inter alia</u>, a likelihood of confusion, deception and mistake among the relevant

16  purchasing public and the wheel trade as to the source, origin, sponsorship or

17  approval of the goods associated with Wheel Pros' Rockstar II trademarks and

18  trade dress; and depreciation of Wheel Pros' valuable goodwill and business

19  reputation symbolized by its distinctive trademarks and trade dress.

20      32.    Wheel Pros has suffered loss of profits and other damages from the

21  confusion, mistake and deception resulting from the acts of Defendant, and Wheel

22  Pros is informed and believes, and thereon alleges, that Wheel Pros will continue

23  to suffer such damages unless and until Defendant is enjoined and restrained by

24  this Court from engaging in the acts complained of herein.

25      33.    Wheel Pros has no adequate remedy at law, because injury to its

26  reputation and goodwill cannot be quantified and such injury cannot be

27  compensated by monetary amounts.

28

**FIRST CLAIM FOR RELIEF**

(Patent Infringement)

34.     Wheel Pros realleges and incorporates herein by this reference each and every one of the allegations contained in each of the above paragraphs as though fully set forth herein.

35.     Defendant's infringing products mimic Wheel Pros' designs and are substantially similar and/or the same as those designs claimed in U.S. Patent Nos. D709,018 and D701,481.

36.     The ordinary observer would justifiably believe, after viewing the differences between the patented designs and the Defendant's wheels in light of the prior art, that Defendant's wheels are substantially similar and/or the same as the patented designs.

37.     Defendant has offered for sale the infringing products in the United States at trade shows and through retail outlets.

38.     Wheel Pros is informed, and thereon believes, that the infringing products have just begun to be sold throughout the United States.

39.     Defendant was placed on notice of Wheel Pros' patents but Defendant continues to engage in infringing activities.

40.     Defendant's awareness of Wheel Pros' patents and Defendant's continued infringement makes such infringement willful, entitling Wheel Pros to enhanced damages and an award of attorneys' fees.

41.     Wheel Pros is informed, and thereon believes, that Defendant has further made substantial profits to which it is not equitably entitled.

42.     Defendant's acts and products complained of herein constitute patent infringement in violation of Title 35 of the United States Code.

## SECOND CLAIM FOR RELIEF

(Violation of § 43(a) of the *Lanham Act*)

[15 U.S.C. § 1125 (a)]

43.     Wheel Pros realleges and incorporates herein by this reference each and every one of the allegations contained in each of the above paragraphs as though fully set forth herein.

44.     Defendant has infringed Wheel Pros' Rockstar II trademark and trade dress rights, competed unfairly with Wheel Pros and misappropriated and traded upon Wheel Pros' goodwill and business reputation by falsely representing its goods as being sponsored by, approved by, or connected with Wheel Pros.

45.     Wheel Pros is informed and believes and thereon alleges, that Defendant is, in various ways, through its agents and employees, falsely representing to potential purchasers of their goods that such goods are affiliated, connected or associated with Wheel Pros by reason of the infringing use of Wheel Pros' distinctive Rockstar II trademarks and trade dress.

46.     Defendant is making false and misleading representations by engaging in commercial advertising using a trademark and trade dress which are  virtually identical to Wheel Pros' Rockstar II trademark and trade dress.

47.     Defendant is using in commerce false designations of origin, false and misleading descriptions of fact or false or misleading representations of fact which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Wheel Pros and as to the origin, sponsorship or approval of Defendant's goods, services or commercial activities by Wheel Pros.

48.     As a result of the foregoing, Defendant is unfairly competing with Wheel Pros in violation of 15 U.S.C. § 1125(a).

**THIRD CLAIM FOR RELIEF**

(State Common Law Trademark/Trade Dress Infringement

and Unfair Competition)

49.     Wheel Pros realleges and incorporates herein by this reference each and every one of the allegations contained in each of the above paragraphs as though fully set forth herein.

50.     Defendant's conduct alleged herein was intended to use Wheel Pros' Rockstar II trademarks and trade dress and unique identifying features and configuration in a manner which is likely to confuse and mislead members of the relevant public as to the origin, sponsorship, approval, or license of Defendant and of certain of Defendant's products, and as to the false association or affiliation of said products with Wheel Pros.  Defendant's conduct as alleged herein was intended to confuse and mislead members of the public, and members of the public will believe that Wheel Pros sponsored, approved, or is affiliated with Defendant and that Wheel Pros originated, approved or licensed the Imitations.

51.     Defendant's conduct alleged herein infringes Wheel Pros' common law trademark and trade dress rights, is improper and constitutes common law trademark and trade dress infringement and unfair competition with Wheel Pros, all of which have damaged and will continue to damage irreparably Wheel Pros' goodwill and reputation unless restrained by this Court, because Wheel Pros has no adequate remedy at law for Defendant's conduct.

**FOURTH CLAIM FOR RELIEF**

(Violation of Common Law Unfair Competition Law)

52.     Wheel Pros realleges and incorporates herein by this reference each and every one of the allegations contained in each of the above paragraphs as though fully set forth herein.

53.     Defendant's acts complained of herein constitute unfair competition under the common law of the State of California.

# FIFTH CLAIM FOR RELIEF

### (Violation of State Statutory Unfair Competition Laws)

54.     Wheel Pros realleges and incorporates herein by this reference each and every one of the allegations contained in each of the above paragraphs as though fully set forth herein.

55.     Defendant has engaged in unfair trade practices within the meaning of the California Business and Professions Code §§ 17200 *et. seq*., by engaging in the acts alleged herein, including:

                a.     Passing off its goods as those of Wheel Pros;

                b.     Causing a likelihood of confusion or a mistake as to the source, sponsorship, approval or certification of Defendant goods;

                c.     Causing a likelihood of confusion or misunderstanding as to the affiliation, connection or association of Defendant's products with Wheel Pros and its goods;

                d.     Representing that some of its goods have sponsorship, approval, characteristics or qualities that they do not have, or that Defendant's wheels have a sponsorship, approval, status, affiliation or connection that they do not, in fact, have;

                e.     Disparaging the goods and business of Wheel Pros by making false and misleading representations of fact; and

                f.     Engaging in other conduct which similarly creates a likelihood of confusion or of misunderstanding.

56.     Defendant's actions alleged herein and its unlawful trade practices are willful and intentional and are likely to cause substantial injury to the public and to Wheel Pros, and Wheel Pros, therefore, is entitled to injunctive relief pursuant to California Business & Professions Code § 17203.

WHEREFORE, plaintiff Wheel Pros prays for relief as follows:

1.      A judgment that Defendant has infringed the patents-in-suit;

2.      A judgment that Defendant's infringement of the patents-in-suit was willful, intentional and malicious;

3.      That Defendant, and each of its agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation be enjoined and restrained preliminarily and perpetually and permanently from:

a.      infringing either of U.S. Patent Nos. D709,018 and D701,481;

b.      Using in any manner simulations or imitations of the patented designs, any of the Wheel Pros trademarks or trade dress (including, without limitation, the Rockstar II trademark and trade dress), alone or in combination with any word or words, or using any other words, symbols, configurations or designs which so resemble said marks or trade dress as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product which is not manufactured, distributed or otherwise authorized by or for Wheel Pros;

c.      Attempting to or passing-off, inducing or enabling others to sell or pass-off any product as a product affiliated with or sponsored by Wheel Pros, which product is not produced under the authorization, control and supervision of Wheel Pros and approved by Wheel Pros for sale under the Wheel Pros patents, trademarks or trade dress;

d.      Committing any acts calculated or intended to cause purchasers to believe falsely that any of Defendant's products are associated with, sponsored by, approved by, guaranteed by, connected with or produced under the control and supervision or within the authority of Wheel Pros;

e.      Otherwise competing unfairly with Wheel Pros in any manner;

f.      Obtaining, possessing, shipping, delivering, distributing, returning or otherwise disposing of in any manner advertising materials, goods or

inventory bearing any of the patented designs, any of the Wheel Pros trademarks or trade dress (including, without limitation, the Rockstar II trademark and trade dress),  which materials, goods or inventories were not manufactured by or for Wheel Pros or authorized by Wheel Pros to be used, sold or offered for sale in association with or bearing the Wheel Pros patented designs, trademarks or trade dress;

           g.    Obtaining, possessing, manufacturing or using any tools, dies, stamping, mixing, embossing, printing, labeling, packaging, silk screening, molding equipment or any other apparatus designed especially for the manufacture or labeling of unauthorized products bearing the Wheel Pros patented designs, trademarks or trade dress and packaging and advertising or display material relating thereto; or

           h.    Continuing to perform in any manner whatsoever any infringing acts.

    4.    That Defendant be required to deliver immediately to Wheel Pros or its attorneys for destruction any and all products, guarantees, warranties, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other material in its possession or control bearing the Wheel Pros patented designs;

    5.    That Defendant be required to deliver immediately to Wheel Pros or its attorneys for destruction any and all products, guarantees, warranties, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other material in its possession or control bearing the Wheel Pros trademarks or trade dress, alone or in combination with any other words, or trade dress or any other words or symbols which so resemble the Wheel Pros trademarks or trade dress as to be likely to cause confusion, mistake or deception, which is or can be used in connection with the advertising, offering for sale, or sale of any product or service which is not manufactured, distributed, or

otherwise authorized by Wheel Pros.

6.      That Defendant be required to deliver immediately to Wheel Pros or its attorneys for destruction any and all disks, tapes, computer graphics files, molds, plates, screens, graphics, matrixes, patterns and any other means of making simulations, reproductions, counterfeits, copies or colorable imitations of the Wheel Pros patented designs, which are for use on products, containers, packaging, disks, tapes, labeling, advertising and display literature or other material not authorized by Wheel Pros.

7.      That Defendant be required to deliver immediately to Wheel Pros or its attorneys for destruction any and all disks, tapes, computer graphics files, molds, plates, screens, graphics, matrixes, patterns and any other means of making simulations, reproductions, counterfeits, copies or colorable imitations of the Wheel Pros trademarks and trade dress which are for use on products, containers, packaging, disks, tapes, labeling, advertising and display literature or other material not authorized by Wheel Pros.

8.      That Defendant be required to supply Wheel Pros or its attorneys with a complete list of entities from whom it purchased and to whom it distributed and sold products, in bulk, in connection with the unauthorized simulation of Wheel Pros patented designs, trademark or trade dress.

9.      That Wheel Pros be awarded damages against Defendant adequate to compensate Wheel Pros for Defendant's infringement of the patents-in-suit;

10.     That all patent damages against Defendant be trebled on the basis of Defendant's willful infringement of the patents-in-suit;

11.     That Defendant be required, in accordance with 15 U.S.C § 1117, to account for and pay to Wheel Pros the following:

a.      Three times all gains, profits, benefits and advantages derived by Defendant and three times all damages suffered by Wheel Pros from the above-described acts of trademark infringement, trade dress infringement,

misrepresentation, unfair trade practices and unfair competition and that such amounts be determined by the Court;

12.    And such other damages as the Court shall deem to be just; and

13.    All costs and attorneys fees incurred in this action.

14.    That Defendant be required to pay Wheel Pros punitive and enhanced damages in an amount as the Court may determine for malicious, willful, intentional, deliberate and tortious conduct of Defendant.

15.    That Wheel Pros have such other and further relief or as the Court deems just and proper.

Dated: May 1, 2015          EDWARD W. BURNS
                            BURNS & SCHALDENBRAND

                            NEIL D. GREENSTEIN
                            TECHMARK


                            By:_____/Neil D. Greenstein/_____
                            Neil D. Greenstein
                            Attorneys for Plaintiff,
                            Wheel Pros INC.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Wheel Pros, LLC., hereby requests a trial by jury on all issues triable of right by a jury.

Dated: May 1, 2015          EDWARD W. BURNS
                            BURNS & SCHALDENBRAND

                            NEIL D. GREENSTEIN
                            TECHMARK


                            By: ___/Neil D. Greenstein/_____
                            Neil D. Greenstein
                            Attorneys for Plaintiff,
                            Wheel Pros, LLC